here so we'll turn to 24-1451 Mukhtar v. Lambrecht. Ms. Chan you may proceed. Thank you. Good morning your honors. May it please the court. Catherine Chan on behalf of Mrs. Iza Mukhtar the appellant. This case asks whether the government can moot out a civil action in the federal court by its sua sponte reopening of the underlying immigration case. At least eight federal courts in the second, third, seventh, eighth, ninth, eleventh, and the D.C. circuit have weighed in on this question and none have found blanket authority for the government to move out to moot out a civil case on its sua sponte action. Was it sua sponte in this case? Isn't that what he sought in court was to start over again? So what was it wasn't the agency just responding to the complaint said okay that's what she wants we'll give it to her. Explain why this was sua sponte. Thank you your honor. Ms. Mukhtar asked whether the government had any authority to require of her a physical medical exam. The regulations provide that she does not. The statute provides that she does not. So her question to the district court was whether the government's decision denying her residency despite four approved medical exams that she submitted was in fact legal error. So the sua sponte action by the government to reopen her case was not what she was looking for. She was looking for the decision to be set aside because the government's requirements in and of themselves were altruist. Did she not I thought her complaint actually sought that relief was to have a new hearing new proceeding no? No your honor the she specifically asked for the government's decision to be set aside and each of her arguments pointed to the statutes and regulations that cited that the government had no authority to request the medical exam in the Refugees are pre-vetted when they enter the United States so both the regulations and the statutes clarify that their only additional requirement for the medical exam is to prove the vaccination records. She in fact submitted four full medical exams in addition to the vaccination records each of which qualified her for a residency and yet the government requested additional upon additional medical exam expecting her to prove that she was inadmissible when the government's own medical doctors did not find that inadmissibility. Counsel does it does it matter? Okay so I'll accept your premise that she was only required to have one exam to be admitted to the as a refugee. Does it matter that she wasn't seeking to continue her refugee status here? She was asking for legal permanent residence which is a different category. Does that matter that that she's seeking a different status? Thank you your honor that does not matter because refugees when they adjust their status that date relates back to the date that they entered as a so they do not fit the same admission question that other permanent residents seeking admission as a permanent resident are. She's admitted already as a refugee and the residency portion relates back to the admission date when she first entered the country. Tell me where would I look to find that authority? Yes your honor I will look that up. The go ahead. There's there's a regulation and a statute that relates for adjustment of status for refugees. The regulation is found at 8 CFR 209.1 parentheses small c close parentheses and the statute is 8 USC 1159. Okay thank you. Thank you. May I return to my original question because your response surprised me. I'm not saying it's wrong but it surprised me because apparently in her request for relief she asked the court to quote set aside the defendant's decision on her form I-485 and direct the defendants to issue a new decision on the application for residency. Yes your honor the court is not allowed to make the decision on residency that decision is reserved to the agency therefore the court's power in this case would have been to tell the agency that their decision on residency was mistaken and to instruct the agency to issue a new decision and that was what Ms. Mokdar was seeking that's what all of the briefing explains in excruciating detail that the agency had no right to ask her for a medical exam which they did multiple times and once they denied her on approved medical exams it was then doubly outside of its grounds for denying her residency. Okay but would you would you still consider it sua sponte action by the agency to say okay we'll reopen and proceed and make a new decision on her application and they apparently that was not an insincere thing they asked her again for records and she refused to comply with refused to provide more records and then the BIA ruled against her she could have appealed at that point and said well you reopened but you made this you repeated your mistake so now i'm entitled to relief why would that not have been the way to proceed at this point what was so terrible about the agency saying okay we'll try it again a couple of things your honor the first is is that the agency never asked the court if it could reopen the case none of the federal circuits that have reviewed this have found any sua sponte authority for the government to divest the federal court of its original jurisdiction under the APA to hear the matter in this case that is exactly what happened the agency acted on its own in a sua sponte manner including requesting the very same things that form the basis of the complaint whether the agency had any right or authority to even seek that information therefore the the concern here just to clarify the case never went to the BIA there was a previous administrative appeal but it was not i'm sorry yes i apologize no worries i just wanted to make sure the record was clear we don't have a BIA decision but in any case when the district court failed to review whether or not the government had any authority to request even one medical exam from miss mukdar much less five as it was seeking in the newly reopened request for evidence that brought up the question of what was the government's authority on its sua sponte motion to divest the federal court the regulation that the agency relies upon allows a service officer to reopen a case on its own motion and the actions of this case essentially demonstrate that the service officer's decision has mooted out the district court's APA jurisdiction there is simply no authority for that your honor the court the district court did not uh include any argument to to state that it would have been in agreement with the motion to reopen that it allowed the in fact never even addressed any of those questions and simply to state the government never even cited the authority allowing it to reopen cases in its new request for evidence for the fifth time seeking things that miss mukdar had already produced that she was not required by law to produce and that in our argument to the district court the government's actions were prima facie outside the bounds of the law let me ask you what are you seeking let me ask one question first question well so what are you seeking if all this was incorrect what do you want from this court a ruling on whether they could reject her on the basis of the medical records she had provided is that what you're seeking or what else what is it that that would be very welcome by miss mukdar since the facts are already established by both parties uh what we think would be more important moving forward in this circuit is for the court to speak directly to the government's authority or lack thereof to sue esponte divest the federal court of valid apa jurisdiction for which we have cited relax v baran which has been followed by all this say we do that say we do that okay you were wrong to do this now how do we dispose of the appeal since the district court never weighed in on any of these legal questions one manner would be to remand for the district courts to weigh the legal questions and if the court is willing to to decide the case on its merits again miss mukdar would would welcome that because that both the statute and regulations make absolutely clear that she was not even required to give a medical exam only vaccination requirements and for the four medical exams she gave each was approved by a panel physician of the government so the bottom you wanted the one thing you definitely wanted at least as a minimum is to send back to the district court to have proceedings but you would welcome i gather a decision by this court on the merits of the issue is that right yes your honor okay sorry judge carson okay um i i have a couple of questions and there's some underlying premises to your argument and one of them is the idea that once she had the initial examination to be admitted as a refugee into this country that at that point there's no authority for the government to ever require her to have another one yes your honor that is in the statute and the regulation okay and i i will give you that that the regulation seems to say something like that they said my second question is is what what if she's admitted and there are some notations um in their medical report and we find out once she the government finds out once she gets to the country that she has some alarming behavior and maybe her medical conditions have worsened or that they were worse than originally noted would the government be without authority to to exclude her on that basis your honor is specifically to the facts of this case where she was found incompetent to proceed in the state court below the state court below also released her from supervision from the state's mental health care institute so in other words the state has found her not to be a danger to society by releasing her from the obligations for uh inpatient care therefore i'll i'll i'll accept that i i know that that's the fact of the one of the facts in the case i'm just asking as a general matter is it your position that the that the government wouldn't be able to look at that and say whoa this is concerning look what's happened it looks like her conditions worsened we either want another examination or we're just going to exclude her outright your honor because both the statute and the regulation speak directly to that it is our argument that the government cannot override the statute or the regulation on its own hunch if you will or premise and even if the government does i mean it's not a hunch or a premise i mean they have actual evidence in this case that that there are problems here i mean i they maybe they've been dealt with but the government i mean they're not they're not proceeding in bad faith i mean there are things that happen the the things that happened your honor again the exclusionary grounds for adjustment of status uh shoot she hasn't triggered any on criminal grant grounds she hasn't triggered any on medical grounds both the statute and regulations say that for refugees who have very specific rules outside of the general population when it comes to adjustment of status her residency are not required to repeat a medical exam most refugees do come to the united states with certain pre-existing significant mental health trauma and that may explain why the statute and the regulation foreclose uh the second guessing of that because of the significant vetting that happens before they're admitted as refugees by the united states government including uh medical providers for the government okay i have one more question about about the government's ability to require further exams and that is i mean if she provides the government with an exam where the doctor didn't fully fill out a form or there's something that's clearly erroneous on it it's internally contradictory or something like that i mean is the government required to accept that form just because she got it from their provider you're going to recite this fully in the briefing the government has an internal process where it not miss mukhtar is supposed to reach out to its own medical provider and ask for clarification the government has never once requested that from any of its own providers and instead attempted to shift the burden to miss mukhtar to provide what the government is seeking which the government which the government's doctors are not stating so yes there is a process for the government to with their own doctors which they have failed to do in every instance in this case can i ask uh uh one one question about an issue that we haven't talked about uh the government argues in the alternative that there was not a jurisdiction because there was not a final agency action and i didn't uh don't recall seeing anything in your reply brief addressing that um am i incorrect about that and uh and in any event uh is there a response uh to the government's argument uh for lack of jurisdiction irrespective of mootness i i request the court's permission to go over my time to respond yes please yes thank you uh the finality question is what is baked in into the relics argument as to when and if the government can sue esponte reopen a case so uh our argument is is that number one the government does not have regulatory authority to override the court's jurisdiction second that the first decision marked was final because the court never allowed the government to reopen it the court simply accepted that the government had reopened it without any addressing of miss mukhtar's claims as far as the case in chief so we we would count the first decision in july of 2020 as marking the final decision and the government's subsequent reopening was the exact same matter that we had been litigating with them today marks actually 10 years of litigation on the same question thank you counsel thank you mr tucker you may you may proceed mr tucker your honor i think i'm uh proceeding now uh if i may michael johnson for the government oh i'm sorry what's the okay you're the right person from the picture but you're labeled as mr tucker on my screen maybe i'm misreading something um yes michael johnson is supposed to be the attorney representing can we start again at 15 minutes i i apologize thank thank you your honor uh good morning your honors michael johnson for the government this court should affirm because the district court correctly ruled that this matter is moot this court should also affirm because there's no final agency action in this case and um miss mukhtar has not responded to the government's argument uh that there is no final agency action and therefore that issue is waived this case as to mootness your honors this case is really a pleading case miss mukhtar asked for very specific relief in her complaint uh judge harts you you uh quoted the exact uh language in the prayer for relief in the petition uh this is the only specific relief that miss mukhtar asked for other than attorney's fees uh the agency gave her what she asked for it set aside the july 2020 decision and it issued a new decision in may of 2024 the purpose of the pleading rules is to give the court and the party's fair notice of the claims the defenses and the relief sought here preferably for relief sought specific detailed relief miss mukhtar does not contend that the district court incorrectly construed the prayer for relief if she had asked for something else or something more something different perhaps this would be a different case but she didn't ask for anything else uh go ahead judge carson i i think she does i think her position today is that the prayer for relief may seem simple but when it's read it read as a whole the petition makes clear that she was seeking more than just a new decision she had grounds for um and that were alleged in the petition to keep the government from just reopening the case or going back and doing the same thing for an impermissible reason um she did not ask for that in her prayer for relief she is she is the master of her petition for relief and and this is a counseled case um she could have amended her prayer for relief to ask for this specifically uh when the government notified her that it was reopening the case in october 2023 but she didn't seek to amend the case amend her petition for relief uh and also um uh she didn't she never asked for amendment to the district court and on appeal she hasn't asked that that in her briefing that the matter be remanded so that she may have the opportunity to amend her petition uh so what did the district court does the district court have any how did the district court respond when the government said will reopen did the district court bless that in any way or did it just wait and until the government said this should be dismissed as moved what what did how did the district court respond the government filed two motions to dismiss uh the the matter was reopened in october of 2023 and then the government filed its first motion to dismiss uh after the after the initial reopening and then and then uh but there was a motion to dismiss as moved is that right well the the first the first motion to dismiss that the government was filed as soon as the matter was reopened was a motion to dismiss on the grounds that there was no longer a final agency action uh and this was in november of 2023 it's the appendix at pages 73 to 89 the district court did not rule on that motion and then in may of 2024 the agency issued its its new final decision on ms muktar's adjustment application and uh denied the application the government then filed its second motion to dismiss arguing mootness and that is the motion that the district court ruled on the district court did not there's nothing indicating the district court's view regarding uh the reopening other than what is presented in the court order uh and this is the the appendix at pages 190 to 196 where the district court explains its views regarding the reopening and it determined that the matter was moot so there's no order by the district blessing the reopening it it the court by by granting the government's motion to dismiss did bless the reopening yeah yeah until then though the so anytime something's before the an agency your view i gather is that agency could say okay this is in court we'd like to reconsider this and by doing so they just they destroy the finality their prior decision and that's something the agency can do without any leave of court is that your position i'm sorry without any any legal i didn't hear your last word of court any legal court oh yeah a leave of leave of court was not required here for the government to reopen um she's saying there's lots of uh authority from other circuits saying that uh you do need leave of court to reopen um that is not true your honor we cite we cite the second circuit's decision um 6801 realty uh and in our answer brief and in that case the second circuit indicated that that this that the agency uscis may on its own reopen a matter and it did not find any issue with that there are several other cases that we also can present to the court balakira versus jadow it's a rather than your cases she said she cited cases do you distinguish the cases maybe they're not in a brief but she mentioned in her argument at least are you familiar with the cases she's referring to those cases are distinguishable in those cases the courts found that the government had failed to uh follow the process for reopening um the the relax case relx sets forth a three-part test for reopening and if that if that test is met then the courts have found that reopening is not in name only but the court the cases that um miss mukhtar was relying on are cases where the courts have found that reopening was in name only and as we argued in our answer brief this this was not a case where reopening was in name only first the agency did follow with the applicable applicable regulations in reopening uh it served notice of reopening it gave a period of time to file a response secondly the agency requested new information and and particularly uh third it offered a reason for for reopening and this is clear from the july 2020 decision that the agency issued where it explained in great detail the deficiencies with dr shah's i-693 medical examination report and the identified in in the october 2023 reopening uh what miss mukhtar uh should do to address those deficiencies so that so that her application could be considered and and if proper would be uh uh granted let me stop so for a second um two two things uh with this and first off is do you agree that the regs provide a mechanism for the agency to reach out to the doctor to clarify something or to supplement something if their report is insufficient yes uh here dr shah's report was was inconsistent uh his his uh his report from january 2020 was inconsistent there were there were significant inconsistencies uh in in one sense the uh the report uh indicated that miss mukhtar had no class a or class b conditions and then then on the very next page of the report he indicated that she did have dr shah dedicated that she did have class b conditions okay let me stop let me stop you for a minute that that wasn't my question exactly um my question was do you have the authority does the government have the authority to reach out to the doctor directly and not not kick it back to the to the uh applicants you see what i'm talking about could the government have just reached out to the doctor and said hey there's a lot of problems with this report we need you to clarify x y and z and send us a new report could the government have done that i don't have an answer for that right now your honor i would be happy to submit a 28 j letter to the court as soon as possible and give you an answer i would need to consult with agency council on this particular issue i don't have an answer right now okay my my second my second question um has to do with this uh hcfr 209.1 council pointed this out to us and it is cited in her brief and it states in uh in section c a refugee seeking adjustment of status under section 209a of the act is not required to repeat the medical examination performed under 207.2 c unless there were medical grounds of inadmissibility applicable at the time of admission how does that affect your case we we submit your honor that that issue has been waived uh it is not it is was not preserved in the district court it's not part of ms mukhtar's relief in her petition it is not discussed at all in her opposition to the government's first motion to dismiss filed in the district court she mentions 201 209.1 c only in the her conclusion of her opposition to the government's second motion to dismiss and she didn't properly raise it on appeal here as for her opening brief uh 209.1 c is not raised in her argument section it's referred to in the factual background but there's no developed argument about section 209.1 c in her opening brief and she cannot raise it for the first time substantively in the argument section of her reply uh this court has held uh numerous times that a party does not preserve an issue merely by presenting it to the district court in a vague and ambiguous manner or by making a fleeting contention before the district court that that's this court's decision geo met watch core versus bay hoonman 38 f fourth 1183 at 1206 10th circuit 2022 similarly this court in in ray runsy land company state stated that a party cannot preserve an argument for appeal by raising it in the district court in a perfunctory and underdeveloped manner the site for runsy is 944 f third 1259 at page 1271 and that's 10th circuit 2019 here here miss mutar uh has raised the issue of section 209.1 c in only a fleeting or perfunctory manner um she did not preserve this issue um and therefore this court need not address it mr johnson let me ask you a question it is a now you rely heavily i think on paragraph 90 of the to be set aside and you say well it was set aside uh but you're arguing apples and oranges between the two the two sides you know she of course is arguing that well it needed to be set aside because um the government was asking for improper information they they had no right to ask for to submit additional questionnaires that that issue had been determined and and needed to issue a new decision without asking for additional medical information and you argue obviously that there was ambiguity in the medical information that was provided and so then the decision is set aside well is it is it uh why is it uh moot if it was set aside for reasons that were unrelated uh to the substance of her argument that ordinarily your argument would have a lot of appeal that there's a due decision that she has the right to challenge that but in effect that's the same argument that she had you know presented all along in this particular case you know why is it moot if the agency never addressed the substance of her argument and she has to simply re-re-urge the same argument with regard to the new decision it's not moot your honor because uh the inconsistencies in dr shah's uh i i 693 from january of 2020 um were such that the agency was of the view that if the matter was reopened uh and those inconsistencies could be addressed that then the agency could take a fair shot at at the at the application and uh adjudicate it um but miss in in submitting in reopening the agency asked for a a new i-693 but ms mukhtar did not provide one and so then in may of 2024 the agency denied the application after reopening based on uh the failure to respond to the i-693 miss mukhtar was given uh 87 days to respond to the uh uh to provide an i-693 i apologize but never provided one um but but if we were to credit her argument that that she she didn't do anything wrong but not submitting a new report she's her whole argument was that she was never obligated to submit it that uh medical information right uh she she had an obligation uh to uh uh demonstrate admissibility to the united states under uh 8 usc uh section 1159 a2 uh in the agency in adjudicating an application for adjustment of status of a refugee uh it uh require it states that the the alien the immigrant must show admissibility at the time of her of her uh request for adjustment of status so the agency was simply following the statute 8 usc 1159 a2 and um we i note that my time is over your honor go ahead and answer just don't wander thank you um if this had if this is if this issue had been properly before the district court the issue of uh uh 8 cfr 209.1 c and if the and and miss mukhtar had presented it to the district court and the district court could have addressed it this this would be a different story but it wasn't it was not addressed and so we submit the issue it's been has been waived and this court should uh affirm the decision of the district court and uh and unless the court has any other questions i would ask the for affirmance thank you counsel thank you both counsel thank you cases submitted and counsel are excused